**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CRIMINAL NO. 6:03-CR-79-4** |
| | § | |
| **MARTEZ BROWN** | § | |

**REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On January 3, 2012, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Martez Brown. The government was represented by Jim Middleton, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by court-appointed federal defender Ken Hawk.

Defendant originally pled guilty to the offense of Possession of 5 Grams or More of a Mixture or Substance Containing a Detectable Amount of Cocaine Base, also known as Crack Cocaine, a Class C felony. The offense carried a statutory maximum imprisonment term of 20 years. The United States Sentencing Guideline range, based on a total offense level of 23 and a criminal history category of V, was 84 to 105 months. On April 16, 2004, District Judge Leonard Davis sentenced Defendant to 105 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions including the requirement that Defendant reside in a residential reentry facility, in the community corrections component, for a period of 120 days. In addition, Defendant was to comply with all rules of the facility and pay subsistence. On June 18, 2010, Defendant completed the term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from

unlawfully using a controlled substance. In its petition, the government alleges that Defendant violated his term of supervised release by testing positive for marijuana. Fifth Circuit case law permits a court to find that illicit drug use constitutes possession.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by unlawfully using a controlled substance, a statutory sentence of no more than 2 years of imprisonment may be imposed. 18 U.S.C. § 3583(g)(1). Further, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). The Court may then revoke supervised release or extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of V, the Guideline imprisonment range for a Grade C violation is 7 to 13 months. U.S.S.G. 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to the government's petition. In exchange, the government agreed to recommend that Defendant serve 7 months imprisonment with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that Martez Brown be committed to the custody of the Bureau of Prisons for a term of imprisonment of 7 months, with no supervised release to follow. The Court further **RECOMMENDS** that the place of confinement be FCI Fort Worth, Fort Worth, Texas.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 3rd day of January, 2012.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE